**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DENNIS KAZMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CV-112-TS |
| ) | |
| BAYER HEALTHCARE PHARMACEUTICALS, ) | |
| INC., f/k/a BERLEX, INC., ) | |
| NOVARTIS VACCINES AND DIAGNOSTICS, ) | |
| INC., as successor in interest to CHIRON, INC., ) | |
| BERLEX LABORATORIES, OWEN ) | |
| MUMFORD, LTD., BAXTER ) | |
| PHARMACEUTICALS SOLUTIONS, LLC, ) | |
| BECTON, DICKINSON AND COMPANY, ) | |
| AND SCHERING BERLIN, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The Plaintiff, Dennis Kazmer, alleges that, on April 27, 2005, a pre-filled syringe broke as he used it to self-inject medication in his leg for treatment of multiple sclerosis. On March 13, 2007, he sued the corporate entities that he believes are responsible for his resulting injuries. On April 26, 2007, he moved to amend his complaint because the Defendants were incorrectly named and he also wanted to add new Defendants. On May 14, the Court granted his motion, and on May 15 he filed his Amended Complaint. The three newly added parties, Baxter Pharmaceuticals Solutions, LLC, Becton, Dickinson and Company, and Scherling Berlin, Inc., have all invoked Federal Rule of Civil Procedure 12(b)(6) in motions to dismiss the Amended Complaint against them on the basis that it was not filed within Indiana's two-year statute of limitations for product liability actions [DE 38, 50, 62].

**BACKGROUND**

On March 13, 2007, the Plaintiff sued Berlex, Inc., Berlex Laboratories, Chiron, Inc., and Owen Mumford, Ltd., in Lake Superior Court. The Plaintiff alleged that he was injured when a pre-filled syringe shattered while he was using is to self-inject medication on April 27, 2005.

On April 11, 2007, the matter was removed to federal district court by one of the Defendants, with the consent of the other named Defendants. On April 18, Chiron filed a responsive pleading. On April 26, the Plaintiff requested leave to file an amended complaint to change party names and to add new Defendants. The Plaintiff stated that he became aware of the need for the amendments after receiving a corporate disclosure statement and Chiron's Answer. On April 27, the Plaintiff attempted to file the amended complaint on the court's docket, but it was stricken because the Court had not granted leave to filed the amended complaint.

On May 14, the Court granted the Plaintiff's motion to amend and on May 15, the Amended Complaint was filed.

On July 9, 2007, Defendant Baxter Pharmaceutical Solutions, LLC, moved to dismiss the Amended Complaint as time-barred under Indiana's two-year statute of limitations. Defendants Becton Dickinson, and Scherling Berlin also moved on August 6  and October 19 to dismiss the Amended Complaint for the same reasons cited by Baxter. The Plaintiff responded separately to each motion.

**STANDARD OF REVIEW**

If, when viewed in a light most favorable to the plaintiff, a complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. Fed. R. Civ. P. 12(b)(6); *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). The Supreme Court

has interpreted that language to impose two easy-to-clear hurdles. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 ( 7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* — U.S. —, 127 S. Ct. 1955 (2007)). First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the complaint allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level," or the plaintiff will plead himself out of court. *Id.*, 127 S. Ct. at 1973 n.14.

> It is, of course, "irregular" to dismiss a claim as untimely under Rule 12(b)(6). *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). As a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

*Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). When the "allegations in the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations," it is not premature to dismiss a complaint that does not anticipate an affirmative defense. *Lewis*, 411 F.3d at 842; *see also Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (noting that even though a plaintiff is not required to negate statute of limitations affirmative defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

3

Rule 12(b) requires that a court treat motions to dismiss as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). Despite the language of Rule 12(b), the court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

## DISCUSSION

Under the familiar rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the substantive law of the state in which it sits. *See Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001). Statutes of limitations are considered substantive matters for purposes of the *Erie* doctrine. *Guaranty Trust v. York*, 326 U.S. 99, 110 (1945). Moreover, "[l]ike the statute of limitations itself, rules that are an 'integral part of the statute of limitations,' such as tolling and equitable estoppel, are treated as substantive for purposes of the *Erie* doctrine." *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–53 (1980)).

### A.     Statute of Limitations

The parties do not dispute that, in Indiana, a product liability action in which the theory of liability is negligence or strict liability in tort, must be brought within two years "after the cause of action accrues." Ind. Code § 34-20-3-1(b)(1). However, the statute does not define "accrues." The "general rule" is that a cause of action accrues "when resultant damage of a

4

negligent act is ascertainable or by due diligence could be ascertained." *Burks v. Rushmore*, 534 N.E.2d 1101, 1104 (Ind. 1989) (quoting *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 86 (Ind. 1985)). Indiana has adopted the discovery rule for the accrual of claims arising out of tort. *See Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 842–43 (Ind. 1992) (extending discovery rule to all tort claims). The discovery rule "is based on the reasoning that it is inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware a cause of action exists." *Barnes*, 476 N.E.2d at 86 (applying discovery rule to injury caused by disease that may have been contracted as a result of protracted exposure to a foreign substance). Under the discovery rule, the statute begins to run from the date the plaintiff knew or should have discovered that he suffered an injury that was caused by the product or act of another. *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001) (citing *Barnes*, 476 N.E.2d at 87–88.). It is not necessary for accrual that "the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Del Vecchio v. Conseco, Inc.*, 788 N.E.2d 446, 449 (Ind. Ct. App. 2003) (citing *Mayfield v. Cont'l Rehab. Hosp. of Terre Haute*, 690 N.E.2d 738, 741 (Ind. Ct. App. 1998)).

Here, it cannot be argued that the Plaintiff did not know the cause of his injuries on April 27, 2005. The Plaintiff specifically states that the syringe broke and caused glass to shatter into his leg on April 27, 2005. (Pl. Am. Compl. ¶¶ 4, 5) (alleging that the syringe "suddenly, and without warning, shattered and otherwise broke, causing glass to shatter into Plaintiff's leg, cellulitis, hospitalization, and extensive pain and suffering"). The reasonable inference from this allegation is that the Plaintiff was aware that he suffered and sustained injury on April 27, 2005,

and was aware that the injuries were caused by the shattered syringe. Actionable harm was reasonably ascertainable on this date. The Amended Complaint does not raise above the speculative level the possibility that the Plaintiff was unaware that he suffered injuries resulting from the broken syringe until some later date. Accordingly, the Plaintiff was required to initiate his lawsuit by April 27, 2007, two years after he alleges that the syringe broke on his leg.

The Amended Complaint naming Baxter, Becton Dickinson, and Schering Berlin was filed on May 15, 2007, after the expiration of the two-year statute of limitations.[1] Thus, there are only two ways in which the Plaintiff's claim against these Defendants could still be considered timely: (1) if the Plaintiff's motion for leave to amend the complaint—filed one day before the expiration of the statute of limitations—tolled the statute of limitations; or (2) the Amended Complaint relates back to the originally filed Complaint.

**B.     Tolling of Statute of Limitation**

There is no Indiana case or statute stating that the filing of a proposed amended complaint or motion to amend a complaint tolls the statute of limitations pending a court's ruling on the motion. In *A.J.'s Automotive Sales, Inc. v. Freet*, 725 N.E.2d 955 (Ind. Ct. App. 2000), the Indiana Court of Appeals was faced with the question whether the statute of limitations is tolled until a court rules on a pending motion to amend the complaint. The court noted the rule from a different state, in which the statute of limitation is tolled if "a plaintiff files a motion to amend the complaint, accompanied by an amended complaint, and serves both upon the defendant

---

[1] The Plaintiff argues that the Amended Complaint was actually "filed" on April 27, 2007. However, the docket reveals that the April 27 entry was modified on May 3, 2007, to reflect that leave was not granted to file the Amended Complaint and that it was filed in error. *See* Fed. R. Civ. P. 15(a) (stating that once a responsive pleading is filed, the plaintiff may only amend his complaint after obtaining leave of court).

6

before the expiration of the statute of limitations." *Freet*, 725 N.E.2d at 966 (quoting *Moore v. Grossman*, 842 F.2d 7, 9 (Colo. Ct. App. 1991)). The court went on to note that even if it applied the rule from *Moore*, the record did not show that the plaintiff met the rule's requirements. Although the plaintiffs filed both a motion to amend the complaint and the amended complaint before the expiration of the limitations period, there was no indication that the motion and amended complaint were served upon the defendant before the limitations period expired. "Therefore, the filing of the motion and the amended complaint did not toll the running of the statute of limitations." *Id.*

The Defendants all maintain that they were not served the amended complaint, as evidenced by the docket, before the expiration of the statute of limitations. The docket of the proceedings in this case establishes that the summons was first issued to Defendants Baxter, Becton Dickinson, and Scherling Berlin on May 16, 2007. Because the Amended Complaint was not served on these Defendants before the expiration of the limitations period, the Plaintiff's motion to amend his complaint did not toll the statute of limitations and the charges are untimely unless they relate back to the originally-filed Complaint.

C.     **Relation-Back**

The claimant bears the burden of bringing suit against the proper party within the statute of limitations. *Seach v. Armbruster*, 725 N.E.2d 875, 878 (Ind. Ct. App. 2000) (citing *Wathen v. Greencastle Skate Place, Inc*., 606 N.E.2d 887, 894 (Ind. Ct. App. 1993)). The party who seeks relation back bears the burden of proving that the conditions of Trial Rule 15(C) are met. *Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239 (Ind. Ct. App. 1998). Indiana Trial Rule

15(C) provides:

> (C) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ind. Trial R. 15 (C).

The Rule requires that the party to be brought in to a suit by an amendment must have attained the "notice and knowledge" before the statute of limitations has run. *See Foor v. Town of Hebron*, 742 N.E.2d 545, 551 (Ind. Ct. App. 2001); *Gulley v. Winter*, 686 N.E.2d 176, 180 (Ind. Ct. App. 1997); *Fifer v. Soretore-Dodds*, 680 N.E.2d 889, 891 (Ind. Ct. App. 1997). The Rule also allows the notice and knowledge requirement to be met during the period allowed for service and summons of the pleadings under Federal Rule of Civil Procedure 4(m), which is 120 days. *See Porter County Sheriff Dept. v. Guzorek*, 857 N.E.2d 363, 368 (Ind. 2006).

> The net result is that in order for an amendment of a complaint to relate back under Trial Rule 15(C), no later than 120 days after the complaint is filed a defendant must receive notice of the pendency of the action and be aware that, but for a mistake, that defendant would have been named in the original complaint.

*Id.*

The notice must be such that the party named in the amended pleadings received either actual or constructive notice of the institution of the legal action. *Id.*; *Red Arrow Stables, Ltd. v. Velasquez*, 725 N.E.2d 110, 113 (Ind. Ct. App. 2000) (citing *Soley v. VanKeppel*, 656 N.E.2d

508, 511 (Ind. Ct. App. 1995)). It is not sufficient that the party is on notice that an injury has occurred or that the plaintiff has retained counsel. *Guzorek*, 857 N.E.2d at 368–69 (finding that tort claim notice that informed the defendant of an accident but did not advise that a lawsuit was filed did not satisfy Trial Rule 15(C)).

The Defendants all maintain in their briefs that they did not receive notice of the lawsuit, as evidenced by the docket, before the expiration of the statute of limitations (or within 120 days from the filing of the original complaint). Indeed, the docket of the proceedings in this case establishes that the summons was not issued until May 16, 2007.

To counter this obvious fact, the Plaintiff cites *Lamberson v. Crouse*, 436 N.E.2d 104, 105 (Ind. Ct. App. 1982), for the proposition that a Rule 12(b)(6) motion is not the proper vehicle to determine the relation back issue under Indiana Trial Rule 15(C). The Plaintiff argues that the "non-existence of the elements of Trial Rule 15(C) does not appear on the face of the amended complaint" and that relation back is "always possible until and unless the trial court is presented with material outside the pleading." (DE 66 at 3.) The Court acknowledges the holding in *Lamberson*, but notes that it only purports to apply to Indiana Trial Rule 12(b)(6). Under federal procedural rules, the Court may take judicial notice of matters of public record, such as the docket, without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). Moreover, even subsequent Indiana appellate decisions have not followed *Lamberson*. For example, in *Shafer v. Lieurance*, 659 N.E.2d 229 (Ind. Ct. App. 1995), the court held that dismissal of a complaint was proper where the requirements of Trial Rule 15(C) were not met because the newly added defendant did not have actual notice of

the institution of the action until after the statute of limitations had expired. *Id.* at 232.

However, there is a distinction between formal notice by summons under the rules of procedure and the notice contemplated by Rule 15(C), and the Plaintiff argues that it is possible that the Defendants could have received constructive notice of the lawsuit before the expiration of the statute of limitations. It is true, for example, that notice may be inferred based on either the identity of interest between the old and new parties or by the fact that they share an attorney. *Guzorek*, 857 N.E.2d at 369.

> An identity of interest may permit notice to be imputed to the added party when the original and added party are so closely related in business or other activities that it is fair to presume that the added party learned of the institution of the action shortly after it was commenced. Similarly, notice may be imputed based on shared legal counsel if it is reasonable to infer that the attorney for the initial party will have communicated to the added party that he, she or it may be joined in the action.

*Id.* (citations, quotations marks, and alterations omitted).

In his motion for leave to amend his complaint, the Plaintiff states that a corporate disclosure statement and an answer to his complaint caused him to realize that certain parties were misnamed and that others should be added. The corporate disclosure statement filed by original Defendant Berlex, Inc., advised that it was now known as Bayer HealthCare Pharmaceuticals and that it was a wholly owned by Schering Berlin, which was wholly owned by two other corporate entities. The answer filed by original Defendant Chiron, Inc., indicated that it was now known as Novartis Vaccines and Diagnostics, Inc., and asserted as an affirmative defense that other nonparties—Baxter Pharmaceuticals Solutions and Becton Dickinson—could also be at fault. (Chiron (Novartis) Answer, Sixteenth Defense) ("The amount of Plaintiff's alleged damage attributable to Novartis should be diminished proportionately based on the

10

negligence or other fault of other parties or nonparties to this action, including but not limited to Plaintiff, Baxter Pharmaceutical Solutions LLC, and Becton, Dickinson and Company.").

It is a fair inference from the Amended Complaint and the filings on this Court's docket that Schering Berlin, the parent of Bayer HealthCare, learned of the institution of the action shortly after it was commenced. In its submission to the Court, Schering Berlin denies that the necessary identity of interest, control, or dominion between it and Bayer exists. However, Schering Berlin presents only its own argument, without evidentiary basis, in support of this contention.[2]

Schering Berlin also argues that Rule 15(C) should not apply because there was no mistake in the Plaintiff's naming of the original defendants. It notes that it is only a holding company and has no direct involvement with the product at issue in the lawsuit. Again, the Court cannot rely on these representations by Schering Berlin for purposes of its motion to dismiss, and cannot consider them in its discussion of the knowledge and mistake element. Given the record before it, the Court cannot determine that the Amended Complaint is untimely for failure to relate back to the original Complaint.

The mistake contemplated by Rule 15(C) is not limited to misnomers. "The 'mistake' condition does not isolate a specific type or form of error in identifying parties, but rather is concerned fundamentally with the new party's awareness that failure to join it was error rather than a deliberate strategy." *Guzorek*, 857 N.E.2d at 371 (quoting *In re Integrated Res. Real Estate Ltd. P'ship Sec. Litig.*, 815 F. Supp. 620, 644 (S.D.N.Y. 1993)). The reason for the Plaintiff's failure to name Scherling Berlin in its original Complaint cannot be inferred from the

---

[2] Perhaps this is because the Court could not accept evidentiary proof of this statement without converting the motion to dismiss into a motion for summary judgment.

record. The Plaintiff may have omitted Schering Berlin as part of its legal strategy, but that cannot be determined at this stage of the litigation. Therefore, assuming that Schering Berlin had notice of the lawsuit before the expiration of the statute of limitations and would have reason to believe that it would have been named as a Defendant but for the Plaintiff's mistake, the Court cannot say that the Amended Complaint against Schering Berlin does not relate back to the original Complaint. It will remain for the Plaintiff to prove the requirements of Rule 15(C).

As to Baxter and Becton Dickinson, there is nothing in the Amended Complaint or the matters of judicial notice that would raise an inference that they received notice of the lawsuit before the expiration of the statute of limitations, or that they would have known that but for a mistake concerning the identity of the proper party, the action would have been brought against them. Rule 15(C) does not save the Plaintiff's claims against Baxter and Becton Dickinson from being untimely and they will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Baxter's [DE 38] and Defendant Becton Dickinson's [DE 50] Motions to Dismiss are GRANTED and they are dismissed from this case. Defendant Scherling Berlin's Motion to Dismiss is DENIED [DE 62].

SO ORDERED on November 19, 2007.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION